UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **T&M DEVELOPMENT & PROPERTIES, LLC** | * * * | **CIVIL ACTION** |
| **Plaintiff** | * * | **NO. 22-5590** |
| **VERSUS** | * * * | **JUDGE** |
| **GREAT LAKES INSURANCE SE** | * * | |
| **Defendant.** | * * * | **MAGISTRATE JUDGE** |

**NOTICE OF REMOVAL**

Defendant, Great Lakes Insurance SE ("Great Lakes"), appearing through undersigned counsel with a full reservation of rights, files this notice of removal of the above captioned action to the United States District Court for the Western District of Louisiana, from the 14th Judicial District Court for the Pariah of Calcasieu, State of Louisiana, where said action is now pending, as provided by Title 28 U.S.C. § 1441, *et seq.*, and respectfully shows the following:

1.

On or about August 4, 2022, plaintiff, T&M Development & Properties, LLC, filed this action in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, entitled "*T&M Development & Properties, LLC v. Great Lakes Insurance SE*," (the "Petition") bearing Docket Number 2022-3422-H. (A copy of the Petition is attached hereto in accordance with 28 U.S.C. § 1446(a) as Exhibit "1.").

2.

Great Lakes is the only named defendant; and the Petition was submitted for service to the Louisiana Secretary of State on September 6, 2022. *See* Exhibit "2." Thus, this Notice of Removal

of the case to the United States District Court is timely filed, it being filed no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

3.

This Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as this is a civil action between citizens of different states and the matter in controversy, on information and belief, exceeds $75,000.00, exclusive of interest and costs.

4.

Plaintiff is a Louisiana limited liability company.  For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  On information and belief, Michael J. Dupin, Brandy M. Dupin, and Tommy A. Bucker are the sole members of T&M Development & Properties, LLC, and they are domiciled in Lake Charles, Louisiana.  Thus, Plaintiff is a citizen of Louisiana.

5.

Great Lakes is organized as a German Societas Europaea, and it is therefore a European corporation pursuant to the corporate laws of the European Union.  *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Ins. Ltd.*, Civ. Nos. 19-873 & 19-1510, 2021 WL 2550505, at *9 (D. Md. June 21, 2021).  Great Lakes' registered office is in Munich, Germany, and Great Lakes' principal place of business is at Königinstrasse 107, 80802 Munich, Germany.  Therefore, Great Lakes' state of incorporation and principal place of business are both Munich, Germany; and Great Lakes is a citizen of Germany.  *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, No. 22-973, 2022 WL 2208206, at *4 (E.D. La. June 21, 2022) (citing *Berik Stiftung v. Plains Marketing,*

*L.P.*, 603 F.3d 295, 298 (5th Cir. 2010)). Accordingly, there is complete diversity between the parties.

6.

Further, the matter in controversy, on information and belief, exceeds $75,000.00, exclusive of interest and costs. In the Petition, T&M Development alleges that Great Lakes provided a policy of insurance to Plaintiff for the property located at 1601 & 1603 McKinley Street, Westlake, Louisiana (the "Property"). *See* Exhibit "1," Petition, ¶ 3. Plaintiff further alleges that the Property sustained significant wind and wind-driven rain damage due to Hurricane Laura and Hurricane Delta. *Id.*, ¶ 4–5. Plaintiff further alleges that the payments made by Great Lakes to Plaintiff are woefully inadequate to cover the costs to repair Plaintiff's property. *Id.*, ¶ 7–12.

7.

The premises limit on the policy purchased by Plaintiff on the subject property is $160,000.00; and business interruption coverage is $16,091.00. *See* Exhibit "4," Declaration of Jeff LaVoie ¶ 5.

8.

Plaintiff further alleges that Great Lakes' failure to timely and adequately compensate Plaintiff for its losses under the policy was arbitrary, capricious, and without probable cause, entitling Plaintiff to penalties, including fifty percent damages, interest and attorneys' fees under La. R.S. § 22:1892 and/or damages sustained as a result of the breach, two times actual damages sustained, and attorneys' fees under La. R.S. § 22:1973. *See* Exhibit "1," Petition, ¶¶ 13–19. Additionally, Plaintiff is seeking damages for increased cost of construction, lost business opportunity, and lost past and future income. *See* Exhibit "1," Petition, ¶ 17.

9.

Because the Petition seeks recovery of penalties and attorney's fees, they must be considered as part of the amount in controversy. *Boyer v. Foremost Signature Ins.,* 09-1720, 2010 WL 653555, * 2 (W.D. La. Feb. 22, 2010)(c*iting Buras v. Birmingham*, 327 F.2d 238 (5th Cir. 1964); *Cupples v. Farmers*, 390 F.2d 184 (5th Cir. 1968)). Plaintiff's claim for consequential damages, including increased cost of construction, lost business opportunity, and lost past and future income, is also to be included in the calculation. *See Boyer,* 2010 WL 653555 at *1. Plaintiff has not submitted a binding stipulation stating that he will not accept damages in excess of the jurisdictional amount. *See Espinola-E v. Coahoma Chemical Co*., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir. 1998). Accordingly, it is apparent from both the Petition and the facts of this case that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.

Thus, this Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

11.

Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record and has also provided notice to the Clerk of Court for the 14th Judicial District Court for the Pariah of Calcasieu, State of Louisiana through the filing of this Notice and the Notice of Filing of Notice of Removal

into the record of the state court action. (The Notice of Filing of Notice of Removal is attached hereto as Exhibit "3.").

WHEREFORE, defendant, Great Lakes Insurance SE, prays that this matter be removed to the United States District Court for the Western District of Louisiana, Lake Charles Division, for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY:   */s/ Tessa P. Vorhaben*
MATTHEW A. WOOLF (#27146)
TESSA P. VORHABEN (#31293)
FRANK B. O'HALE (#39669)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email:   mwoolf@bakerdonelson.com
tvorhaben@bakerdonelson.com
fohale@bakerdonelson.com

**ATTORNEYS FOR GREAT LAKES INSURANCE SE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 6th day of October 2022, a true and correct copy of the foregoing pleading has been served on all counsel of record via electronic mail or U.S. Mail, properly addressed and first-class postage prepaid.

*/s/ Tessa P. Vorhaben*
TESSA P. VORHABEN